JAMES ABRAMS, Plaintiff in Error, *v.* BENJAMIN E. TAYLOR, Defendant in Error.

### ERROR TO SCOTT.

A receipt given for produce, is not evidence of any indebtedness by the party signing it; but it will be presumed that the produce was received in payment of an antecedent debt, unless explained by extrinsic evidence.

THIS cause was tried at the May term, 1858, of the Cass Circuit Court, before WOODSON, Judge, without the intervention of a jury. The case is fully stated in the opinion of the court.

D. A. AND T. W. SMITH, for Plaintiff in Error.

KNAPP & CASE, for Defendants in Error.

WALKER, J. This was an action of debt instituted by appellee against appellant on a receipt of which this is a copy: "Rec'd of B. E. Taylor, 1071 Bushels corn, 25 cts. pr B. 267.75. Naples, March 20, 1852. J. Abrams." The declaration contained two counts on the receipt. Appellant filed a plea that the causes of action did not accrue within five years, and the plea of *nil debet*, to the first of which there was a demurrer sustained, and on the latter there was an issue to the country. By consent there was a trial by the court without the intervention of a jury, and on the trial appellee read in evidence the receipt, and a note for $43.12, dated January, 1851, due at one day, given by appellee to appellant, with two credits endorsed, amounting together to the sum of $12.40, with some figures on both the note and receipt. Upon this evidence the court found for the

appellee, and rendered judgment for two hundred and thirty-three dollars and forty-three cents debt, and $84.03 damages against appellant, from which he appeals to this court.

We shall first consider whether the receipt read in evidence, created any liability on the part of appellant, unexplained by extrinsic evidence. Phillips, in his work on Evidence, lays down the rule that, "In order to recover under a count for money lent, it will not be sufficient merely to prove the receipt of money from the plaintiff by the defendant, since the presumption of law is that money when paid, is in liquidation of an antecedent debt." 4 Phil. Evid. 121. And this rule is recognized by the Supreme Court of New York, in *McKinstry* v. *Pearsall,* 3 J. R. 319. That case was on a receipt of fifty barrels of provisions from one Smith, for account of McKinstry. The court say that, "If the receipt had been more explicit than it is, it would be open to explanation; I mean that kind of explanation not directly contradictory to, but consistent with it. With respect to papers of this kind, the courts have permitted the party to show mistake, fraud, and imposition in obtaining them. It is necessary in this case to go so far, as the receipt itself is perfectly equivocal, and from the mere reading of it, no one could say whether the provisions were received to go on account held by the defendant against the plaintiff, or whether the defendant meant only to acknowledge that though the provisions were received from Captain Smith, they were received by the defendant for safe keeping, for or on account of David McKinstry." So in the case under consideration, there is nothing to indicate, that this corn was received as a purchase. It is true that as a price was fixed, it would rebut the presumption, unexplained, that it was received simply for safe keeping, but it still left it equivocal as to whether it was a purchase, or was received on account of a precedent debt, and the legal presumption would be, that it was on the latter. That it was produce, we conceive makes no difference, as every day's observation shows that a large proportion of indebtedness is paid in grain and articles of produce, and the inference has not been rebutted in this case. Nor do the figures on the receipt and note in any degree explain or contradict it, as we can by no process convert 67.75 into 267.75, nor can we by any rule in mathematics, deduct 34.32 from 67.75 and have a remainder of 233.43, and to sustain the finding of the court below, we are asked to draw these inferences. If there were more data to act upon, the inference might be indulged, but there is nothing in any degree indicating that these figures on the receipt should be other or different than we find them endorsed. If we were once to enter the field of conjecture, we might then arrive at the con-

clusion asked of us by the appellee. But we can only deal with evidence and its legitimate conclusions. We are for these reasons of the opinion that the evidence fails to sustain the finding of the court, and that the judgment should have been for the defendant. Therefore the judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*